RECEIVED
SDNY PRO SE OFFICE

2023 FEB 16  AM 11: 42

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Hop Wah
_____

Write the full name of each plaintiff.

No. _____
(To be filled out by Clerk's Office)

-against-

See Attached

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

DEFENDANTS

1)   Defendant Cyrus Vance Esq; was at all times mentioned herein, District Attorney of New York County, located at One Hogan Place, New York New York 10013.

2)   Defendant James Zaleta Esq; was at all times mentioned herein employed as an Assistant District Attorney at One Hogan Place, New York New York 10013.

3)   Defendant Aaron Ginandes Esq; was at all times mentioned herein employed as an Assistant District Attorney of the New York County's District Attorney;s Office, located at One Hogan Place, New York, New York 10013.

4)   Defendant Kelli Clancy Esq; was at all times mentioned herein employed as an assistant district attorney of the New York County District Attorney's office, located at One Hogan Place, New York, New York 10013.

5)   Defendant Mark Duggan, was at all times mentioned herein employed as an investigator for the New York County District Attorney, located at One Hogan Place, New York, New York 10013.

6)   Defendant Dr. Vasiliki Karlis, was at all times mentioned herein a dental physician employed by the Bellevue Hospital Medical Center located on 30th Street in the county of New York.

7)   Defendant   Adeyemi Adebola was at all times mentioned herein employed by the Bellevue Men's Shelter as a Department of Homeless Services Police Officer assigned to the 30th street Men;s shelter, located on 30th street in New York County.

8)   Defendant Cordell Crosby was at all times mentioned herein emoloyed by the Bellevue Men's Shelter as a Derpartment of Homeless Services Police Officer assigned to the 30th street Men's Shelter, located on 30th street in New York County.

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _See Attached_

Date(s) of occurrence:  _See Attached_

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_See Attached_

STATEMENT OF CLAIM

ON DECEMBER 16, 2011, PLAINTIFF JOHN JOSEPH HOP WAH, WHILE A RESIDENT OF THE BELLEVUE MEN'S SHELTER, LOCATED IN LOWER MANHATTAN BECAME INVOLVED IN A PHYSICAL CONFRONTATION WITH DORM ROOM RESIDENT SAMUEL S. WALKER, WHO AFTER BEING CONFRONTED WITH THE ACCUSATORY FACT THAT HE WALKER, WAS THE PERSON WHO STOLE PLAINTIFF'S PORTABLE DVD PLAYER GOT UPSET AND SWUNG AT PLAINTIFF STRIKING PLAINTIFF ON HIS LEFT SIDE EARLOBE CAUSING IT TO TEAR SLIGHTLY AS WELL AS CAUSING THE DIAMOND STUDDED EARRING TO DISLODGE FROM THE PLAINTIFF'S EAR BROKEN IN HALF. PLAINTIFF IN DEFENSE OF HIS PERSON AND TO PREVENT MORE SERIOUS INJURY TO HIS PERSON PLAINTIFF REPELLED THE ASSAULTIVE CONDUCT OF WALKER WITH RESPONSIVE BLOWS TO WALKER'S HEAD AND BODY RESULTING IN WALKER FALLING TO THE FLOOR INCAPABLE OF CONTINUING HIS ASSAULT UPON PLAINTIFF. AS A RESULT OF SAID ALTERCATION PLAINTIFF WAS CRIMINALLY CHARGED WITH 1 COUNT OF MISDEMEANOR ASSAULT AND HARASSMENT CHARGES.

85 DAYS INTO A 90-DAY SPEEDY TRIAL DEADLINE, PURSUANT TO CPL SECTION 30.30 (1)(A) OF THE CRIMINAL PROCEDURE LAW, THE PROSECUTION IN ORDER TO AVOID THE DISMISSAL OF THE INITIALLY FILED AND SWORN TO MISDEMEANOR   CRIMINAL COMPLAINT DATED 12/17/2011, FABRICATED AND PROVIDED THE COURT WITH A REVISED AND NASCENT VERSION OF THE ALLEGED ALTERCATION WHICH INCLUDED THE NASCENT CLAIM THAT A STEEL-TOED CONSTRUCTION BOOT WAS USED AS A WEAPON DURING THE 12/16/2011 ALTERCATION, A FACT THAT WAS NEVER ALLEGED IN THE INITIAL CRIMINAL ACCUSATIONS THAT WERE PROVIDED BY WALKER ON 12/17/2011 OR SUPPORTED BY ANYONE INVOLVED WITH THE INCIDENT OR WHO WITNESSED IT. NOR WAS THERE ANY EXPLANATION AS TO WHY THIS ALLEGED FACT WAS NOT INITIALLY REPORTED WHEN THE ALTERCATION AND FACTS RELEVANT TO SAID ALTERCATION WERE FIRST REPORTED TO DHS POLICE OFFICER ADEBOLA ON 12/16/2011.

AS A RESULT OF THE NASCENT ACCUSATION THAT A STEEL-TOED CONSTRUCTION BOOT HAD BEEN USED AS A WEAPON DURING SAID ALTERCATION THE CRIMINAL CHARGES WERE UPGRADED AND THE REVISED VERSION OF THE ALTERCATION WAS PRESENTED TO AN EMPANELED GRAND JURY IN ADDITION TO FRAUDULENT EVIDENTIARY DOCUMENTATION, CONSISTING OF PHOTOGRAPHIC IMAGES THAT WERE FALSELY INTRODUCED BEFORE THE GRAND JURORS AS DEPICTING THE FACIAL APPEARANCE OF WALKER AS WELL AS DEPICTING     INJURIES THAT WERE INFLICTED AND SUSTAINED BY WALKER AS A DIRECT RESULT OF THE 12/16/2011 ALTERCATION FOUND THAT AN INDICTMENT CHARGING THE PLAINTIFF WITH FIRST AND SECOND DEGREE ASSAULT WAS REQUIRED

THE ACTS AND CONDUCT OF DEFENDANT PROSECUTION ATTORNEYS KELLI CLANCY, ESQ; AARON GINANDES, ESQ; AND JAMES ZALETA, ESQ; WHILE EMPLOYED AS ASSISTANT DISTRICT ATTORNIES OF THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE OF THE STATE OF NEW YORK IN THE MATTER OF THE PEOPLE OF THE STATE OF NEW YORK REPRESENTS AN EX PO SE OF PROSECUTORIAL MISCONDUCT THAT IS UNDISPUTABLY INCREDUOUSLY DOCUMENTED IN VIVID LIGHT    AND IRREFUTABLE DETAIL.

THE ACTS AND MEASURES EMPLOYED BY SAID PROSECUTING ATTORNIES CONSTITUTE A CRIMINAL

SAGA CREATED AND GIVEN LEGITIMACY BY OFFICERS OF THE COURT AND ATTORNEYS WHO ARE RESPONSIBLE FOR THE PROSECUTION OF PERSONS ACCUSED OF CRIMINAL CONDUCT THAT IS REAL AND NOT CREATED FOR THE SAKE OF ECONOMIC GAIN AND EMPLOYMENT ADVANCEMENT.

THE NAMED PROSECUTING ATTORNEYS ABUSED THE CRIMINAL PROSECUTORIAL PROCESS BY THEIR DELIBERATE AND DIRECT INVOLVEMENT WITH THE CREATION OF EVIDENTIARY FACTS THAT WERE USED TO OBTAIN A CONVICTION BASED UPON FALSE AND FABRICATED ACCUSATIONS.

THE NAMED PROSECUTING ATTORNEYS ABUSED THE CRIMINAL PROSECUTORIAL PROCESS BY THEIR DELIBERATE AND DIRECT INVOLVEMENT WITH THE CREATION OF EVIDENTIARY FACTS THAT WERE USED TO VALIDATE AND GIVE CREDENCE TO A FABRICATED CRIMINAL OFFENSE.

DEFENDANTS ADEYEMI ADEBOLA AND CORDELL CROSBY WERE AT ALL TIMES MENTIONED HEREIN EMPLOYED BY THE DEPARTMENT OF HOMELESS SEVICES POLICE DEPARTMENT AND DID KNOWINGLY AND INTENTIONALLY PROVIDE THE COURT AND JURORS WITH PERJURED TESTIMONIAL ACCOUNTS WITH THE INTENT OF AIDING AND ASSISTING THE PROSECUTION IN THEIR QUEST FOR SECURING A CONVICTION.

DEFENDANT VASILIKI KARLIS AT ALL TIMES MENTIONED HEREIN WAS EMPLOYED AS A DENTAL PHYSICIAN AT BELLEVUE HOSPITAL AND ACTED AS AN AGENT OF THE PROSECUTION AND WITNESS. DURING HER APPEARANCE AND TESTIMONY BEFORE THE COURT GAVE PERJURED AND FALSE TESTIMONY IN AN EFFORT TO AID AND ASSIST THE PROSECUTION IN SECURING A CONVICTION.

DEFENDANT CYRUS VANCE WAS AT ALL TIMES MENTIONED HEREIN THE DISTRICT ATTORNEY OF THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE AND IN SAID CAPACITY AND POSITION RESPONSIBLE FOR THE PROPER TRAINING AND SUPERVISION OF SUBORDINATE PERSONNEL EMPLOYED BY THE DISTRICT ATTORNEY'S OFFICE. AS WELL AS RESPONSIBLE FOR THEIR TRAINING, SUPERVISION, AND THE PROCEDURAL POLICIES THAT GOVERN THEIR CONDUCT WHILE ACTING AS PROSECUTING ATTORNEYS OF THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE.

THE ACTS AND CONDUCT OF THE NAMED DEFENDANTS RESULTED IN THE PLAINTIFF BEING FOUND GUILTY OF THE FABRICATED CRIMINAL OFFENSE OF ASSAULT IN THE SECOND DEGREE AND THEREAFTER SENTENCED TO A TERM OF IMPRISONMENT.

THE NAMED PROSECUTING ATTORNEYS COLLECTIVELY UTILIZED THEIR POSITIONS AND STATION TO GIVE LEGITIMACY AND CREDENCE TO ALLEGED CRIMINAL ACTS AND CONDUCT THAT THEY THEMSELVES FABRICATED, CREATED, AND KNOWINGLY ADVANCED BEFORE THE COURT AND JURORS WITH THEIR SOLE INTEREST AND OBJECTIVE BEING TO SECURE A CONVICTION AND VERDICT OF GUILTY ON ANY COUNT OF THE INDICTMENT.

THE CONDUCT OF THE NAMED PROSECUTING ATTORNEYS WAS AND REMAINS ACTS OF CRIMINAL MISCONDUCT WARRANTING CRIMINAL PROSECUTION. THE SAME CONDUCT AND ACTS IN WHICH THE NAMED PROSECUTING ATTORNIES COMMITTED DURING THE COURSE OF SAID CRIMINAL MATTER'S

PENDENCY BEFORE THE COURT IF COMMITTED BY A NON-PROSECUTING ATTORNEY AND OR WITNESS WOULD REQUIRE CRIMINAL PROSECUTION WHICH THE NAMED PROSECUTING ATTORNIES SHOULD HAVE BEEN SUBJECT TO.

THE PROSECUTION    IN ORDER TO CONCEAL THEIR UNLAWFUL ACTS AND CONDUCT FROM COMING TO LIGHT IN THE RETRIAL OF SAID MATTER AS ORDERED BY THE REVERSAL OF SAID CONVICTION BY THE APPELLATE DIVISION OF THE FIRST DEPARTMENT THE PROSECUTION IN FURTHERANCE OF THEIR CRIMINAL CONDUCT AND THWARTING    THE EXPOSURE OF THEIR ILLICIT AND UNCONSTITUTIONAL ACTS EXHIBITED AND FIRMLY DOCUMENTED WITHIN THE ORIGINAL TRIAL RECORD CHOSE TO RESOLVE SAID CRIMINAL MATTER BY RELYING UPON THE SPEEDY TRIAL PROVISIONS OF THE CRIMINAL PROCEDURE LAW 30.30. AS THEIR MEANS OF PRECLUDING ANY FURTHER REVIEW OF THE CRIMINAL MATTER OF PEOPLE VS. HOP WAH, INDICTMENT NO. 1083/2012. THEIR CONDUCT REPRESENTS AN EXTENSION OF THEIR UNLAWFUL CONDUCT AND ACTS AS WELL AS THEIR ABUSE OF THE JUDICIARY PROCESS.

THE DAMAGES SUFFERED BY THE PLAINTIFF AS A RESULT OF THE AFORESTATED CONDUCT AND CRIMINAL; CONDUCT OF THE DEFENDANTS ARE;

PLAINTIFF SUFFERED FROM WRONGFUL PROSECUTION, WRONGFUL AND UNCONSTITUTIONAL LOSS OF OF LIBERTY FOR SEVERAL YEARS, AND ALL DAMAGES THAT ARE ASSOCIATED WITH SUCH LOSS AND INTERFERENCE OF THE AFOREMENTIONED RIGHTS, INCLUDING, BUT NOT LIMITED TO SERVERE MENTAL ANGUISH, EMOTIONAL DISTRESS, HUMILATION, INDIGNITIES, ECONOMIC AND MONETARY LOSS, DEGRADATION AND INJURY TO REPUTATION AS WELL AS LOSS OF ENJOYMENT OF LIFE.

BASED UPON THE MALICIOUS NATURE AND FRAGRANT ABUSE OF THE LAW AND VIOLATIONS OF THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFF, PLAINTIFF SEEKS DAMAGES FOR PERSONAL INJURIES AND FINANCIAL LOSSES IN THE AMOUNT OF FOUR (4) MILLION (   4, 000, 000) DOLLARS.

LEGAL

CLAIMS

DEPRIVATION OF CIVIL RIGHTS UNDER THE COLOR OF LAW (42 USC SECTION 1983) IN VIOLATION OF THE FOURTH, FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW PURSUANT TO MUNICIPAL POLICY AND OR CUSTOM (42 USC SECTION 1983 AND MONELL V. DEP'T OF SOCIAL SERVS; 436 U.S. 658 (1978) IN VIOLATION OF THE FOURTH, FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; DEPRIVATION UNDER THE COLOR OF LAW OF RIGHTS GUARANTEED BY    ARTICLE 1, SECTIONS 6 AND 12 OF THE CONSTITUTION OF THE STATE OF NEW YORK; FALSE ARREST, FALSE IMPRISONMENT; MALICIOUS PROSECUTION; FAILURE TO RENDER SPEEDY TRIAL BOTH UNDER STATE AND FEDERAL CONSTITUTIONS AND UNDER NEW YORK STATE STATUTE; NEGLIGENCE; CRUEL AND UNUSUAL PUNISHMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; PRIMA FACIE TORT; ABUSE OF PROCESS; NEGLIGENT HIRING. NEGLIGENT TRAINING; NEGLIGENT SUPERVISION; FAILURE TO INVESTIGATE; FAILURE TO TIMELY AND PROPERLY RESPOND TO MISCONDUCT; MISREPRESENTATION; FAILURE TO TIMELY AND PROPERLY EXERCISE PROSECUTORIAL

FUNCTIONS AND INDEPENDENT JUDGMENT. IT IS FURTHER ALLEGED THAT THE EM[PLOYEES AND NAMED DEFENDANTS EMPLOYED BY THE NEW YORK STATE DEPARTMENT OF HOMELESS SERVICES POLICE ARRESTED PLAINTIFF WITHOUT PROBABLE CAUSE AND THAT THE ARREST OF PLAINTIFF AND ACCUSATIONS MADE AGAINST PLAINTIFF WERE BASED UPON A BIAS AND PREJUDICE AGAINST HELD AND MAINTAINED BY ARRESTING DHS POLICE OFFICER ADEYEMI ADEBOLO WHO WAS OF AFICIAN DESCENT ALONG WITH THE COMPLAINANT SAMUEL S. WALKER.

RESPECTFULLY SUBMITTED,

JOHN JOSEPH HOP WAH

PRO SE PLAINTIFF

8 EAST 3RD STREET

PROJECT RENEWAL MEN'S SHELTER

NEW YORK, NEW YORK 10003

3RD FLOOR/CUBE # 3-012

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

*See attached*

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

*See attached*

The acts and conduct alleged herein represent a pattern and practice that was allowed, overlooked, disregarded, and or condoned by upper-echelon-named defendants who possessed the authority and or power to effectuate change but refused and/or failed to do so.

Defendant Cyrus Vance, Esq. was at all times relevant to the matter herein held the title of District Attorney of the New York County's District Attorney's office and in said postion and capacity was the charged with the duties and responsiblies of seeing that subordinatesof the District Attorney's office of New York County adhered to the rules of law, the proper and lawful exercise of prosecutorial process as well as the rules of law and constitutional rights of the accused during the accusatory process of New York State.

Defendants Kelli Clancy, Esq, James Zaleta, Esq; and Aaron Ginandes, Esq, were at all times mentioned herein employed by the New York County District Attorney's Office as    Assistant District Attorneys and as such responsioble for the lawful prosecution of persons charged with criminal acts of conduct violative of criminal laws and statutes.

Defendant Mark Duggan, was at all times mentioned herein employed as an investigator of the New York County's District Attorney's office and responsible for the lawful investigation of alleged criminal conduct and acts alleged within criminal complaints and matters being considered by the District Attorney during the performance of their duties,

Defendants Adeyemi Adebola, and Cordell Crosby were employed as police officers of the Department of Homeless Services, (DOHS) and in said capacity were charged with the providing security and protection to DHS staff and residents assigned to the Bellevue Men's Shelter.Their functions and duties are similar to that of New York City Police Officers with little differences.

Defendant Vasiliki Karlis was at all times mentioned herein employed by the Bellevue Hospital as a dental physician and agent of the prosecution.

The defendants are being sued in their individual and official capacities for their alleged and documented unlawful conduct and actual participation in the deprivation of the complaintiff John Hop Wah's rights pursuant to State and Constitutional Law and Amendments.

The named defendants while acting under the color of law did suborn and or solicited perjured and fragrantly false and or deliberating misleading testimonial evidence during their trial presentation of trial evidence unto the jurors to effectuate the unlawful conviction of the defendant (Plaintiff) in the criminal prosecution of the criminal matter associated with Indictment No. 1083/2012.

The named prosecuting attornies knowingly and deliberately advanced evidentiary claims and accusations that were totally unsupported by the trial evidence and which the credible trial evidence clearly established to be meritless and baseless. Yet despite the lack of an iota of evidentiary support, the prosecuting attornies advanced said perjured accusations as though there was some factual basis upon which existed for said contention.

A prime example and illustration of this conduct is shown by the prosecuting attornies advancing the

perjured contention that a front tooth was (1), knocked out of Walker's mouth during the 12/16/2011 altercation, See, Criminal Complaint dated 12/16/2011, attached hereto, and that the same front tooth was surgically removed by medical personnel employed at Bellevue Hospital subsequent to Walker's admission to Bellevue on 12/17/2011; See, T. Tr. @; the same exact front tooth was medically documented as to not having even existed within Walker's mouth on 12/ 16/2011 as documented by the trial evidence disclosed during the course of the trial proceedings. The prosecuting attorneys deliberately and intentionally disregarded the fact that the testimony of Walker as to having a non-existent tooth knocked and surgically removed from his mouth to allow Walker to be fed through a straw was not only a flagrant and distorted version of fact but also a falsehood that the prosecution can and could not argue that they were ignorant of such being an outright lie and perjurious accusation since the prosecution did, in fact, possess the complainant's medical records and had direct access to relevant and credible evidentiary materials that proved said testimony by Walker to be perjured and false.

Prosecution witnesses, Adeyemi Adebola, Mark Duggan, Vasiliki Karlis, and Cordell Crosby, each deliberately and knowingly submitted perjured, false, and or misleading testimony during their individual appearances before the court, and did so with the intent to secure the unlawful conviction of the complainant John Hop Wah during the criminal trial proceedings.

Defendants James Zaleta, Aaron Ginandes, and Kelli Clancy were at all times mentioned herein acted in the capacity of attornies employed by the New York City District Attorney's Office of the State of New York and in said capacity did intentionally and deliberately deny the plaintiff John Hop Wah of his State and Constitutional Rights to a fair and just trial as well as to have his guilt based upon the prosecution's presentation of credible and lawful evidence.

The named defendant's acts and conduct described and/or denoted herein were committed with the deliberate intent to secure a guilty verdict and conviction of the plaintiff John Hop Wah in the criminal matter of the People vs. John Hop Wah, Indictment No. 1083/2012.

The complained of and basically indisputable acts and conduct documented within the trial record of said criminal matter represents a pattern and practice of behavior that was known to those in a position to change and correct said unlawfulness but chose to ignore their responsibility to effectuate the changes needed to desist the unlawful and unconstitutional acts and conduct of said defendant prosecuting attornies named herein.

The named prosecuting attornies knowingly and deliberately with-held requested documentation related to the existence, whereabouts and identity of dorm room resident Kenneth Smalls who witnessed the 12/16/2011 altercation, and a defense witness.

The prosecution's deliberate with-holding of    dorm room resident Kenneth Smalls's identity and whereabouts prior to his unfortunate demise, including the with-holding and concealment of a written statement prepared by Smalls and handed to DHS police officer Adeyemi Adebola, resulted in plaintiff being denied

The acts and conduct complained of herein resulted in the unlawful conviction and incarceration of the

plaintiff for a crime that was fabricated by the prosecution, who advanced    evidentiary accusations that were    contrived and advanced in total conflict with other credible and reliable evidentiary materials and documentation.

The named defendants are being sued in their personal and official capacities for their actual participation in the deprivation of the plaintiff's rights pursuant to the State and Federal Constitutions, State law and Rules of Professional Conduct.

Plaintiff seeks 4 Million dollars in compensation for the suffering and mental anguish in which the actions and conduct of the named defendants caused the plaintiff to endure and experience as a result their unlawful acts and conduct.

Respectfully Submitted,

John Hop

Wah Pro Se Plaintiff

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated: 2/9/23

Plaintiff's Signature: John Hop Wah

| First Name | Middle Initial | Last Name |
|---|---|---|
| John | J | Hop Wah |

Street Address: 8 East 3rd Street Project Renewal Men's Shelter

County, City: New York          State:          Zip Code:

Telephone Number:          Email Address (if available): Johnhopwah420@gmail.com

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes  ☑ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.