UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN HOP WAH,<br><br>                    Plaintiff,<br><br>          -against-<br><br>ADEYEMI ADEBOLA, DHS Police Officer;<br>CORDELL CROSBY, DHS Police Officer;<br>CYRUS VANCE, former New York County<br>District Attorney; ALVIN BRAGG, current New<br>York County District Attorney; JAMES ZALETA,<br>Assistant District Attorney; KELLI CLANCY,<br>Assistant District Attorney; AARON GINANDES,<br>Assistant District Attorney; MARK DUGGAN,<br>Investigator for the District Attorney; VASILIKI<br>KARLIS, Dental Physician,<br><br>                    Defendants. | 23-CV-1420 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, District Judge:

Plaintiff John Hop Wah brings this pro se action under 42 U.S.C. § 1983, alleging that

Defendants violated his rights.  He names as Defendants (1) Adeyemi Adebola and (2) Cordell

Crosby, a New York City Department of Homeless Services ("DHS") police officer employed by

Bellevue Men's Shelter; (3) Cyrus Vance, the former New York County District Attorney;

(4) Alvin Bragg, the current New York County District Attorney; (5) James Zaleta, Assistant

District Attorney ("ADA"); (6) Aaron Ginandes, ADA; (7) Kelli Clancy, ADA; (8) Mark

Duggan, an investigator for the District Attorney and (9) Vasiliki Karlis, a dental physician at

Bellevue Hospital.  By order dated February 23, 2023, the Court granted Plaintiff's request to

proceed in forma pauperis ("IFP"), that is, without prepayment of fees.

As set forth in this order, the Court (1) dismisses Defendants Vance, Bragg, Zaleta,

Ginandes, Clancy, and Duggan for prosecutorial immunity; (2) dismisses Defendant Karlis for

witness immunity; (3) directs service on Defendants Adebola and Crosby and (4) refers Plaintiff to the New York Legal Assistance Group.

## I.      STANDARD OF REVIEW

A court must dismiss an IFP complaint, or any portion of a complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B); *see Larkin v. Savage*, 318 F.3d 138, 140 (2d Cir. 2003); *accord Clark v. Schroeder,* 847 F. App'x 92, 93 n.1 (2d Cir. 2021) (summary order).  A court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, pro se pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).[1]  But the special solicitude in pro se cases has its limits; to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  *See Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which their claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019).

## II.   DISCUSSION

### A.   District Attorneys, Assistant District Attorneys, and District Attorney Investigator

The claims against Defendants Vance, Bragg, Zaleta, Ginandes, Clancy, and Duggan are barred by prosecutorial immunity and therefore dismissed. Prosecutors are immune from civil suit for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022); *see Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role in initiating a prosecution and in presenting the State's case."). Absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *accord Harris v. Denully*, No. 23 Civ. 4601, 2023 WL 4534473, at *4 (S.D.N.Y. July 12, 2023). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Ogunkoya*, 913 F.3d at 70 (2d Cir. 2019). Absolute immunity also

applies to "employees who assist [the] prosecutor and who act under that prosecutor's direction in performing functions closely tied to the judicial process." *Washington v. Napolitano*, 29 F.4th 93, 103 (2d Cir. 2022).

Plaintiff's claims under § 1983 for damages against Defendants Vance, Bragg, Zaleta, Ginandes, Clancy, and Duggan arise from their criminal prosecution of Plaintiff. Plaintiff's assertions of bad faith and bias are insufficient to overcome Defendants' entitlement to immunity. Plaintiff's claims are therefore dismissed under the doctrine of prosecutorial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (finding claims dismissed for prosecutorial immunity are frivolous under the IFP statute); *accord Walden v. New York Cnty. Dist. Attorney's Off.*, No. 17 Civ. 9370, 2018 WL 11464574, at *4 (S.D.N.Y. Jan. 3, 2018).

### B. Defendant Karlis, Dental Physician

Plaintiff's claims against Defendant Karlis are also dismissed. Witnesses are absolutely immune from liability under § 1983 for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *accord Morales v. City of New York*, 752 F.3d 234, 238 (2d Cir. 2014) (finding defendant, a police officer accused of falsifying evidence during his grand jury testimony, enjoyed absolute immunity for that testimony). The claims against Karlis are therefore dismissed under the doctrine of witness immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### C.  Defendants Adebola and Crosby, DHS Police Officers

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *accord Smith v. City of New York*, No. 21 Civ. 6833, 2021 WL 4555531, at *1 (S.D.N.Y. Oct. 4, 2021); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Adeyemi Adebola and Cordell Crosby through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *accord Bell v. Intergen Health Mgmt.*, No. 22 Civ. 7338, 2023 WL 3195940, at *2 (S.D.N.Y. May 2, 2023).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### D.  New York Legal Assistance Clinic

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. The clinic cannot accept filings on behalf of the Court. Court filings still must be submitted by any pro se party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

### III.   CONCLUSION

The claims against Defendants Vance, Bragg, Zaleta, Ginandes, Clancy, Duggan, and Karlis are dismissed.

The Clerk of Court is respectfully directed to issue summonses for Defendants Adebola and Crosby, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Because the records of the New York County District Attorney's Office may be pertinent to this case, the Clerk of Court is respectfully directed to notify the office of this action by mailing a copy of this order to the District Attorney's Office at One Hogan Place, New York, NY 10013.

The Clerk of Court is respectfully directed to mail an information package to Plaintiff.

Plaintiff is referred to the NYLAG Pro Se Clinic. A copy of the Clinic's flyer is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

6

good faith when he seeks review of a nonfrivolous issue); *accord Wilson v. Doe*, No. 21 Civ.

9619, 2023 WL 2043727, at *6 (S.D.N.Y. Feb. 16, 2023).

SO ORDERED.

Dated: August 9, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**DEFENDANTS AND SERVICE ADDRESSES**

1.    Adeyemi Adebola
      Department of Homeless Services Police Officer
      Bellevue Men's Shelter
      400 East 30th Street
      New York, New York 10016

2.    Cordell Crosby
      Department of Homeless Services Police Officer
      Bellevue Men's Shelter
      400 East 30th Street
      New York, New York 10016



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

