UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John T. Hop Wah,

                                        Plaintiff,

          -against-

Adeyemi Adebola and Cordell Crosby,

                                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/25/2024

1:23-cv-01420 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    As set forth herein, it is hereby **ORDERED** that no later than February 1, 2024, the City of New York (the "City") shall comply with the *Valentin* Order (as defined herein).

**PROCEDURAL HISTORY**

    On February 16, 2023, Plaintiff filed a request to proceed *in forma pauperis* and the Complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia* and in relevant part, false arrest and malicious prosecution arising from his arrest on or about December 16, 2011, against eight (8) defendants. (Req. Proceed In Forma Pauperis, ECF No. 1; Compl., ECF No 2.) On February 23, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*. (Order, ECF No. 3.) On June 16, 2023, the Amended Complaint was filed, which added one additional defendant. (Am. Compl., ECF No. 5.)

    On August 9, 2023, District Court Judge Schofield issued an Order of Service, which dismissed seven of the nine Defendants for prosecutorial immunity and witness immunity. (Order of Service, ECF No. 8.) Plaintiff was permitted to proceed with claims against Adeyemi Adebola ("Adebola") and Cordell Crosby ("Crosby" and with Adebola, "Defendants"). Also, District Court Judge Schofield extended the time for Defendants to be served until ninety days

after the date that the summonses were issued and that if Defendants were not served, Plaintiff should request an extension of time for service. (*Id.* at 5 n.2 (citing *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *accord Bell v. Intergen Health Mgmt.*, No. 22-CV-07338, 2023 WL 3195940, at *2 (S.D.N.Y. May 2, 2023)).)

On August 10, 2023, summonses were issued for Defendants and service was required to be effectuated by November 8, 2023. (ECF No. 9; *see also* Order of Service, ECF No. 8, at 5 n.2.)

On October 31, 2023, the Defendants' respective Process Receipt and Return of Service was returned to the Civil Docket as unexecuted. (ECF Nos. 13, 14.) With respect to Adebola, the Marshals Service "remarked" that service was not effected because the Bellevue Men's Shelter would not accept service on her behalf since she was no longer employed there. (ECF No. 13.) The Marshals Service also "remarked" telephone numbers for a Legal Department, which would require a "D.O.B." and the "SS#" of the requested police officer. (*Id.*) The "remarks" on Crosby's Process Receipt and Return were substantially similar. (ECF No. 14.)

On December 4, 2023, because the Defendants were no longer employed by the City, District Court Judge Schofield issued a second Order of Service directing the Clerk of Court to issue summonses for Defendants and have the Marshals Service re-serve them at the redacted addresses listed therein. (Order of Service, ECF No. 21, at 1.) The Order of Service did not specify a deadline by which Defendants needed to be served. (*See id.*)

On December 7, 2023, summonses were issued for Adebola and Crosby. (ECF No. 23.) On January 3, 2024, Crosby's Process Receipt and Return of Service was returned to the Civil

Docket as executed. (ECF No. 28.) Crosby was served on December 25, 2023, and his response to the Amended Complaint was due to be filed by January 16, 2024. (*Id.*)

On January 8, 2023, the New York City Law Department, Office of the Corporation Counsel (the "Corporation Counsel"), which represents the City (proceeding as an interested party), filed a letter motion requesting that the Court *sua sponte* (1) extend the time for Crosby to answer or otherwise respond to the Amended Complaint until March 18, 2024, (2) extend the time for Adebola to answer or otherwise respond to the Amended Complaint until March 18, 2024, assuming Adebola is served by February 26, 2024, and (3) adjourn the initial conference. (City 01/08/2024 Ltr., ECF No. 30, at 1.) District Court Judge Schofield granted the request. (01/08/2024 Order, ECF No. 32.)

On January 8, 2024, District Court Judge Schofield referred this case to me for general pretrial supervision (including scheduling, discovery, non-dispositive pretrial motions, and settlement). (Order of Referral, ECF No. 33.)

On January 19, 2024, Adebola's Process Receipt and Return of Service was returned to the Civil Docket as unexecuted. (ECF No. 36.) That document reflects that the Marshals Service made three attempts to serve the summons and the Amended Complaint. (*Id.*) On December 21, 2023, the Marshals Service rang the doorbell and was told by the individual who answered the door that they did not recognize Adebola's name and directed the Marshals Service to the Second Floor—no one answered the door. (*Id.*) On December 28, 2023, the Marshals Service made a second attempt where they knocked on the door and rang the doorbell on the second floor—there was no response. (*Id.*) Finally, on January 10, 2024, the Marshals Service made a third attempt—there was no response. (*Id.*)

## *VALENTIN* ORDER

District courts are charged with providing *pro se* litigants assistance in identifying defendants. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (1997); *see also Warren v. Ebay, Inc.*, No. 22-CV-03524 (PGG), 2022 WL 2191752, at *1 (S.D.N.Y. June 17, 2022) (stating under *Valentin*, "a pro se litigant is entitled to assistance from the district court in identifying a defendant or a defendant's service address"); *Stephen v. Hall*, No. 19-CV-02225 (JPO) (VF), 2022 WL 6765791, at *1 (S.D.N.Y. Oct. 11, 2022) (ordering counsel to provide service addresses pursuant to a *Valentin* order); *Didonna v. Smith*, No. 22-CV-06107 (KMK), 2022 WL 3578326, at *3 (S.D.N.Y. Aug. 19, 2022) (ordering county attorney to ascertain identity and service address for defendant who worked at county jail).

Because it appears that the City is contemplating representing Adebola (City 01/08/2024 Ltr. at 2),[1] the Court hereby ORDERS that the City supply Adebola's service address, to the extent it is able after diligent effort, pursuant to *Valentin*, 121 F.3d at 76 (the "*Valentin* Order"). No later than February 1, 2024, City shall file a letter in accordance with the *Valentin* Order (1) stating Adebola's service address, if known, or (2) if the address is unknown, informing the Court of the efforts expended to locate Adebola's service address.[2]

---

[1] The Corporation Counsel represented to this Court its letter motion that "once defendant Adeyemi Adebola is served with process, this Office but [sic] also determine whether it will represent defendant Adebola in this action." (01/08/2024 Ltr. at 2.)

[2] When the City files its letter in accordance with this Order and should it choose to do so, it may file a letter redacting Adebola's address and an unredacted letter under seal, in accordance with my Individual Practices.

**CONCLUSION**

It is hereby **ORDERED** that no later than February 1, 2024, the City shall comply with the *Valentin* Order as provided herein.

**SO ORDERED.**

DATED: New York, New York
January 25, 2024

_____
STEWART D. AARON
United States Magistrate Judge