UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John T. Hop Wah,

                              Plaintiff,

-against-

Adeyemi Adebola and Cordell Crosby,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2024

1:23-cv-01420 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, after initial attempts to serve Defendants Adeyemi Adebola ("Adebola") and Cordell Crosby ("Crosby" and with Adebola, "Defendants") proved unsuccessful,[1] on December 4, 2023, District Judge Schofield issued a second Order of Service directing the Clerk of Court to issue summonses for Defendants and have the Marshals Service re-serve them at the redacted addresses listed therein (12/4/23 Order of Service, ECF No. 21, at 1); and

WHEREAS, on December 7, 2023, summonses were issued to Defendants (ECF No. 23); and

WHEREAS, on January 19, 2024, Adebola's Process Receipt and Return of Service ("USM-285") was filed on the ECF docket as unexecuted after the Marshals Service made three attempts to serve the summons and the Amended Complaint (ECF No. 36); and

WHEREAS, on January 25, 2024, the Court ordered the City of New York (the "City") (proceeding as an interested party) to comply with the *Valentin* Order, as defined within the Order, to provide Adebola's service address "to the extent it is able after diligence effort" or, if

---

[1] For a full recounting of the Procedural Posture of this case to date, *see* 1/25/24 Order, ECF No. 37.

the address was unknown, to inform the Court "of the efforts expended to locate Adebola's service address" (1/25/24 Order, ECF No. 37, at 4); and

WHEREAS, on February 1, 2024, the New York City Law Department, Office of the Corporation Counsel (the "Corporation Counsel"), which represents the City, filed a letter in accordance with the *Valentin* Order (City 2/1/24 Ltr., ECF No. 39); and

WHEREAS, Corporation Counsel represented to the Court that it contacted the New York City Department of Homeless Services and "requested a search of their records pertaining to" Adebola (City 2/1/24 Ltr. at 2); and

WHEREAS, Corporation Counsel represented to the Court that it conducted an independent search of public records to locate Adebola's address (City 2/1/24 Ltr. at 2); and

WHEREAS, Corporation Counsel concluded, upon information and belief, that the address previously provided to the Court is the most up-to-date address available (City 2/1/24 Ltr. at 2; *see also* 12/4/23 Order of Service, at 2); and

WHEREAS, Rule 4(d) of the Federal Rules of Civil Procedure permits waiver of service of the summons; *provided*, that the Notice of a Lawsuit and Request to Waive Service of a Summons compiles with the following (1) is in writing and addressed to the individual defendant, (2) provides the name of the Court where the complaint is filed, (3) is accompanied with a copy of the complaint, 2 copies of the waiver form (appended to Rule 4), and prepaid means for returning the form, (4) informs the defendant, using the waiver form appended to Rule 4, of the consequences of waiving and not waiving service, (5) provides the date when the request is sent, (6) gives the defendant reasonable amount of time (of at least 30 days or 60

days if the defendant is outside the judicial district of the United States), and (7) is sent by first-class mail or other reliable means; and

WHEREAS, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court may extend the time for service for an appropriate period; and

WHEREAS, individual defendants may be dismissed from civil actions when they are not served and the plaintiff is unable to provide an additional service address.[2]

NOW, THEREFORE, it is hereby **ORDERED**, as follows:

1.   In accordance with Rule 4(d) of the Federal Rules of Civil Procedure, the Clerk of Court is respectfully directed to complete a USM-285 with Adebola's address, which is redacted at ECF No. 21, and deliver all documents necessary to the Marshals Service, which shall include Adebola's summons and the Amended Complaint, for the Marshals Service to mail waiver of service paperwork. The Marshals Service is respectfully directed to complete and file the USM-285 at two separate intervals: (1) when the waiver of service paperwork is mailed, and (2) when the Acknowledgement of Receipt of Summons and Complaint is received, but no later than 30 days after the waiver of service paperwork is mailed.

2.   The City is relieved of any further obligations under the *Valentin* Order.

3.   The deadline for Crosby to answer or otherwise respond to the Amended Complaint is adjourned *sine die* until further Order from the Court.

---

[2] *Cash v. Brown*, No. 12-CV-04652 (LAK), 2014 WL 4631876, at *2 (S.D.N.Y. Sept. 16, 2014) (adopting report and recommendation to dismiss after providing pro se plaintiff nine (9) extra months to service defendants); *Rosano v. Adelphi University*, No. 11-CV-00148, 2011 WL 8320457, at *2 (E.D.N.Y. Dec. 6, 2011) (dismissing complaint when pro se plaintiff failed to effect service after multiple warnings and provided over ten (10) months to effect service); *Castro v. Cusack*, No. 15-CV-06714 (ENV) (LB), 2019 WL 3385218, at *5 (E.D.N.Y. July 26, 2019) (dismissing pro se complaint for failure to provide proper addresses).

4. If service is not effectuated on Adebola and Plaintiff fails to provide an address for Adebola, the Court may recommend to District Judge Schofield that Adebola be dismissed from this action.

**SO ORDERED.**

DATED: New York, New York
February 5, 2024

_____
STEWART D. AARON
United States Magistrate Judge