UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John T. Hop Wah,

                            Plaintiff,

-against-

Adeyemi Adebola and Cordell Crosby,

                            Defendants.



1:23-cv-01420 (LGS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

*Pro se* Plaintiff John T. Hop Wah filed this action in February 2023 pursuant to 42 U.S.C. § 1983 alleging, *inter alia* and in relevant part, false arrest and malicious prosecution arising from his arrest on or about December 16, 2011. (*See* Req. Proceed *In Forma Pauperis*, ECF No. 1; Compl., ECF No 2; Am. Compl., ECF No. 5.) By Order dated February 23, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (2/23/23 Order, ECF No. 3.) On February 14, 2024, Plaintiff filed a letter requesting, *inter alia* and in relevant part, the appointment of *pro bono* counsel. (Pl.'s 2/14/24 Ltr., ECF No. 44 at 3). For the reasons set forth below, Plaintiff's request is DENIED WITHOUT PREJUDICE.

**LEGAL STANDARD**

The IFP statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if

a court believes that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant first must demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *informa pauperis*. The court then must consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as: (1) the indigent's ability to investigate the crucial facts, (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, (3) the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114

F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## APPLICATION

As a threshold matter, the Court granted Plaintiff's IFP request in February 2023. (ECF No. 3.) Having successfully applied for IFP status, Plaintiff qualifies as indigent.

Based on the present record, the Court cannot say that Plaintiff's claims "seem[] likely to be of substance." *Hodge*, 802 F.2d at 61-62. First, Plaintiff's remaining claims for false arrest and malicious prosecution arise from his arrest more than ten years ago on or about December 16, 2011, against the two remaining Defendants (Adeyemi Adebola and Cordell Crosby). (Compl.; Am. Compl.; Order of Service, ECF No. 8.) Thus, it would appear that Plaintiff's remaining claims may be time-barred. *See Cathlin v. City of New York*, No. 23-CV-04219 (LTS), 2023 WL 6929187, at *4 (S.D.N.Y. Oct. 18, 2023) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)) (noting that the statute of limitations for § 1983 claims for arrest and prosecution refer to the general or residual personal injury action statute of limitations in the applicable state, which in New York is three years from the date the arrestee is held pursuant to legal process); *Izeh v. City of New York*, No. 23-CV-00194 (LTS), 2023 WL 2088180, at *2 (S.D.N.Y. Feb. 16, 2023) (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)) ("For claims of malicious prosecution under Section 1983, the applicable limitations period [of three years] does not accrue until there is a favorable termination of the plaintiff's criminal proceedings").

Second, even if Plaintiff's claims were timely filed or it was somehow determined that the claims should be equitably tolled, it is not apparently clear from the Complaint or the Amended Complaint that Plaintiff pled all the required elements of the claims he is asserting.

3

*See, e.g., Cruz v. County of Rockland*, No. 21-CV-02073, 2023 WL 6199189, at *6 (S.D.N.Y. Sept 22, 2023) (quoting *Dettelis v. Sharbaugh*, 919 F.3d 161, 163-64 (2d Cir. 2019) ("Under New York law, a plaintiff asserting malicious prosecution must demonstrate: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." (internal quotations omitted)).

Turning to the other *Hodge* factors, the Court finds that Plaintiff is sufficiently able to investigate facts as they develop in this case based on the filings to date. Additionally, and given the limited claims and limited parties, there are no special factors that counsel in favor in the appointment of counsel. Nor has Plaintiff shown that his claims are such that he would be unable to research and present his case or that the appointment of counsel would be more likely to lead to a just determination. For these reasons, Plaintiff's application for the appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons set forth herein, Plaintiff's request for the appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

DATED:   New York, New York
         February 21, 2024

_____
STEWART D. AARON
United States Magistrate Judge

4