UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN J. HOP WAH,  :
                   Plaintiff,  :
                                          :      23 Civ. 1420 (LGS)
           -against-  :
                                          :      <u>ORDER</u>
CYRUS VANCE, et al.,  :
                  Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on February 16, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983.

       WHEREAS, on August 9, 2023, the Court dismissed all Defendants except Defendants Cordell Crosby and Adeyemi Adebola, after which the U.S. Marshals Service (the "Marshals") attempted to effectuate service upon Defendants Crosby and Adebola.

       WHEREAS, the claims against Defendants Crosby and Adebola arise out of their conduct at Plaintiff's criminal trial in New York state court. Plaintiff was charged with assault arising from an altercation he had with another resident at the Bellevue Men's Shelter. Plaintiff alleges that Defendants Crosby and Adebola conspired with prosecutors to fabricate evidence and gave false testimony at Plaintiff's trial.

       WHEREAS, on December 28, 2023, Defendant Crosby was successfully served with the summons and complaint.

       WHEREAS, the Marshals have made several unsuccessful attempts to serve Defendant Adebola, and the City of New York's further searches have not produced a more recent address for Defendant Adebola.

       WHEREAS, on May 23, 2024, Magistrate Judge Stewart D. Aaron provided Plaintiff an extension of time until July 8, 2024, to conduct his own search and attempt to serve Defendant

Adebola.  Judge Aaron's order advised Plaintiff that continued failure to serve Defendant Adebola may result in Defendant Adebola's dismissal from the case.

WHEREAS, in a letter dated June 20, 2024, and filed on July 8, 2024, Plaintiff argued that it was suspicious that Defendant Adebola was no longer employed by the City and has not been located.  Plaintiff also argued that it was impossible, without financial resources, for him to locate Defendant Adebola based solely on his name.  Plaintiff did not request a further extension of time or describe any efforts he took to locate or serve Defendant Adebola.

WHEREAS, Defendant Adebola was not served by July 8, 2024.

WHEREAS, a sua sponte dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by expiration of the statute of limitations."  *Baker v. Cuomo*, 58 F.3d 814, 819 (2d Cir. 1995), *vacated on other grounds sub nom. Baker v. Pataki*, 85 F.3d 919 (2d Cir. 1996) (en banc); *accord Boggs v. Citywide Mobile Response*, No. 22 Civ. 10238, 2023 WL 5530501, at *4 (S.D.N.Y. Aug. 28, 2023).

WHEREAS, the claims against Defendants Crosby and Adebola arise under Section 1983, for which the statute of limitations in New York is three years.  *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023).  Specifically, the claims are construed as malicious prosecution and fabrication of evidence claims pursuant to Section 1983.  The statute of limitations for these claims accrues when the prosecution terminates in the plaintiff's favor.  *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017) (malicious prosecution); *McDonough v. Smith*, 588 U.S. 109, 114 (2019) (fabrication of evidence).

WHEREAS, Plaintiff's claims arise from a New York state court conviction that was later reversed.  Judicial notice is taken of decisions in the underlying state court proceedings.  *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) ("The district court properly took judicial

2

notice of documents indicating the claims [the plaintiff] brought in small claims court, the remedies she sought, and the judgment she was awarded."). Plaintiff was initially convicted on July 17, 2015, and his conviction was reversed on April 23, 2019, due to erroneous jury instructions. *People v. Wah*, 99 N.Y.S.3d 19, 21 (2019). There is no record that Plaintiff was later retried. *See Hopwah v. State*, 204 N.Y.S.3d 920, at *1 (N.Y. Ct. Cl. 2024) (explaining that Plaintiff's claim incorporated a New York County Supreme Criminal Court's Certificate of Disposition dated December 8, 2022, indicating the dismissal of the criminal case). As a result, Plaintiff's claims of malicious prosecution and fabrication of evidence accrue from the date when his conviction was reversed by the New York Supreme Court: April 23, 2019. *See Rosario v. City of New York*, No. 18 Civ. 4023, 2019 WL 4450685, at *6 (S.D.N.Y. Sept. 16, 2019) (holding that fair trial claims under Section 1983 accrued from when conviction was vacated).

WHEREAS, Plaintiff's malicious prosecution and fabrication of evidence claims are untimely and cannot proceed because this lawsuit was not filed until February 16, 2023, more than three years after April 23, 2019, when the claims accrued. It is hereby

**ORDERED** that the remaining claims in this action are dismissed as untimely.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *accord 615 (Bldg.) Co. LLC v. Smith*, No. 24 Civ. 753, 2024 WL 1715257, at *2 (S.D.N.Y. Apr. 22, 2024).

The Clerk of Court is respectfully directed to close the case.

Dated: July 29, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE